**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TYCO HEALTHCARE GROUP, LP,** )<br>     **Plaintiff,** )<br> )<br>     v.    )<br> )<br>**ARGON MEDICAL DEVICES, INC.,** )<br>**ARGON MEDICAL DEVICES** )<br>**HOLDINGS, INC., ACI MEDICAL** )<br>**DEVICES, INC., and CLINICAL** )<br>**INNOVATIONS, LLC.,** )<br>     **Defendants.** ) | **CIVIL ACTION NO. 05-12327- NG** |

**GERTNER, D.J.**

**ORDER ON FEES AND COSTS**
October 16, 2006

At the June 26 hearing on the motions of the defendants, Argon Medical Devices, Inc. ["Argon"] I granted Argon's motions to dismiss. Indeed, one only had to summarize the arguments of the plaintiff Tyco Healthcare Group, LP. ("Tyco") before this Court to understand how baseless they were: Tyco wanted this Court to reverse or ignore the rulings of a sister court, an argument without basis in law, fact, or logic. Moreover, even if Tyco's decision to bring this action was correct *ab initio* while jurisdiction over the identical case in Utah was contested, by April 19, 2006, it was clear that the Utah court had spoken and spoken conclusively.

At the hearing, I expressly invited the defendant's to move for costs based on what then appeared to be Tyco's bad fath and vexatious conduct in its failure to dismiss the declaratory judgment action in this court, or to transfer it, despite the

numerous rulings from the United States District Court of Utah where the identical claim had been filed first, rulings which were wholly inconsistent with the position taken by Tyco in the case at bar.

The defendants have filed a Motion for an Award of Attorney Fees and Costs (document #26), and after a preliminary review of the papers, I was fully prepared to grant it in its entirety. But on carefully reflection, and in particular, after reviewing the chronology of events in both Utah and Massachusetts, and Tyco's pleadings in this case, I have concluded that fees and costs are not appropriate.  Specifically, buried in Tyco's brief in opposition to Argon's motion to dismiss (page 21 of 22 pages) was Tyco's request to stay the Massachusetts action, pending interlocutory appeal of the Utah jurisdictional issue.  At the June 26, 2006 hearing, I did not realize that Tyco had – albeit grudgingly – made that request at an earlier date.

While I did not believe that a stay was appropriate, and ultimately declined to grant it, that request and its timing was significant. I cannot conclude that Tyco's conduct met the high bar required by the case law, that it was acting in bad faith or vexatious.  I cannot so conclude with respect to Tyco's conduct when it brought this declaratory judgment action. It believed that there was no jurisdiction in the Utah court. And I cannot conclude that Tyco's conduct was in bad faith when it refused to

consent to defendants' request for a stay of the Massachusetts action in February of 2006, while Utah jurisdiction was still contested. To be sure, after April 19, 2006, when Tyco withdrew its pending motions challenging the Utah jurisdiction because it realized that the "law of the case" was against them, its obligations changed. It should have consented to a change of venue, dismissed the instant action or moved for a stay.  It did not agree to a venue change or a dismissal.  However, as I describe above, a close review of Tyco's submissions in March 27, 2006, reveals that it did move for a stay on that date. To be sure, in page after page it argued vehemently against dismissal, urging  one court to ignore the rulings of a sister court. Then, almost grudgingly at page 21 of a 22 page memorandum, it sought a stay of the instant proceedings as an alternative remedy, should this Court conclude that dismissal of the Massachusetts action was proper.

   Accordingly, I decline to award fees in this action. This is not to say that I agree with Tyco's aggressive litigation tactics either in Massachusetts or Utah, or the arguments they have made, which have sadly exalted form over substance. I most assuredly do not. This is only to suggest that after review of the documents I cannot say that they were engaged in bad faith, or vexatiously or for oppressive reasons.

Tyco had challenged the first filed case in the Utah District Court (filed on July 28, 2005) because the plaintiff, Clinical Innovations Associates, Inc. dba Clinical Innovations, Inc. ("CI") had mistakenly identified the owner of the patent at issue. A series of procedural motions for substitution and consolidation followed filed by the original plaintiff and its successors.[1]

Meanwhile, on November 21, 2005, Tyco filed a complaint for declaratory judgment in Tyco's home forum, Massachusetts. It did not serve the complaint, however, in the "hope and expectation" that its objection to the Utah District Court's subject matter jurisdiction would be finally resolved before the deadline for service of process. Plaintiff Tyco Health Care Group, LP's Opposition to Defendant's Motion for an Award of Attorneys' Fees and Costs [hereinafter "Tyco Opposition"], docket #33, p. 10. Thereafter, Tyco filed a Motion for Summary Judgment Due to Lack of Standing in the Utah District Court.[2]

---

[1] CI sought to substitute Argon Medical Devices, Inc. ("Argon") for CI as plaintiff under Fed.R. Civ. P. 17. Tyco took the position that the District Court did not have discretion to correct the lack of constitutional standing in patent infringement cases. Thus, Tyco maintained that the only way to cure the jurisdictional defect was for CI to dismiss its original complaint and re-file with the proper plaintiff. When CI chose a different route, Tyco believed it was justified in bringing a declaratory judgment action on the same patent in Massachusetts.

[2] Before the Utah Court could rule on the substitution motion and Tyco's pending motion for summary judgment, Argon assigned the '524 patent and CI's dba "Clinical Innovations, Inc." to another entity, Clinical Innovations LLC ("CILLC"). Tyco amended the Massachusetts declaratory judgment action, but still did not serve the pleadings.

On February 16, 2006, the Utah District Court, after lengthy hearings, jurisdictional discovery and briefing, concluded that it had jurisdiction over the first-filed action in Utah, allowing CI to correct the name of the plaintiff to read "Argon Medical Systems, Inc. dba Clinical Innovations, Inc." The Court also denied Tyco's Motion for Summary Judgment as moot. The Court deferred plaintiff's motion to consolidate the original action and a subsequent complaint (filed in January of 2006), which named the proper party.  Tyco vehemently disagreed with the rulings of the Utah District Court, as it was entitled to do. And even though the January complaint apparently addressed and cured whatever jurisdictional issues had been raised, Tyco also opposed its consolidation with the original action.

On March 7, 2006, Tyco filed a renewed motion for summary judgment due to lack of standing in the original action. On March 23, 2006, the Utah Court specifically declined to reconsider its prior decision.  And, as Tyco noted before this Court, it withdrew the renewed motion for summary judgment on April 19, 2006, because it "recognized that [its motion] could not succeed under the law of the case as announced by the Utah Court [at the March 23, 2006 hearing]," p. 14.

The *coup de grâce* to Tyco's efforts in Utah came on May 11, 2006, when the District Court agreed to consolidate the first-filed action of July 28, 2005, with the second-filed action of

January 4, 2006, which Tyco has acknowledged has no subject matter jurisdiction "problems."  (Ex. C, May 11, 2006, Order.)

By April 19, then, Tyco understood that the District of Utah was holding firm with respect to its interpretation of its jurisdiction over the cases before it, that its interpretation had become "law of the case."  Notwithstanding this understanding, back in Massachusetts, Tyco persisted in opposing defendant's efforts to dismiss or transfer the Massachusetts action.[3] Significantly, however, Tyco moved for a stay as an alternative remedy,[4] pending its interlocutory appeal of the Utah decision, should this Court be inclined to reject its arguments on the merits.[5]

**SO ORDERED.**

---

[3] It filed an opposition to the defendant's motion to dismiss or transfer the instant action on March 27, 2006.

[4] On February 27, 2006, Tyco had been asked by the defendants to stay the Massachusetts proceeding and had declined to do so unless the defendants also agreed to stay all discovery in Utah while jurisdiction was litigated, and, should Tyco succeed in its efforts to dismiss the Utah action, that the defendants not argue undue delay in the Massachusetts case. While it may have made sense to stand by this position throughout March, by April 19, when Tyco finally realized that the "law of the case" was definitively against them, the circumstances had changed.

[5] On May 24, 2006, the Tyco Defendants filed a Motion for Amendment and Certification of Orders for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Conditional Request for Stay of Proceedings Pending Appeal.

**Date: October 13, 2006**            */s/Nancy Gertner*
                                      **NANCY GERTNER, U.S.D.C.**